**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALFREDO GARCIA-FELICIAN, | No. 09-72393 |
| Petitioner, | Agency No. A099-834-656 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:      SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Jose Alfredo Garcia-Felician, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo claims of due process violations. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We dismiss in part and deny in part the petition for review.

We lack jurisdiction over the petition insofar as it seeks review of the BIA's discretionary determination that Garcia-Felician failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See id*. Garcia-Felician's contention that the BIA violated his due process rights by disregarding the Sanchez Report is not supported by the record and does not amount to a colorable constitutional claim. *See id*. at 1200-01; *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (court lacks jurisdiction over abuse of discretion challenges cloaked as constitutional or legal questions).

The BIA properly determined that the IJ's admission of the government's background documents on Mexico did not violate Garcia-Felician's due process rights because he failed to demonstrate that the admission was fundamentally unfair and that he suffered prejudice. *See Hammad v. Holder*, 603 F.3d 536, 545 (9th Cir. 2010) (although the rules of evidence do not apply to immigration hearings, proceeding must be conducted in accordance with due process standards of fundamental fairness); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a due process claim).

09-72393

Garcia-Felician's contention that the Attorney General exceeded his authority in promulgating 8 C.F.R. § 1240.26(i) is foreclosed by *Garfias-Rodriguez v. Holder,* No. 09-72603, 2012 WL 5077137, at * 16-20 (9th Cir. Oct. 19, 2012) (en banc) (holding that the promulgation of 8 C.F.R. § 1240.26(i) was a proper exercise of the Attorney General's authority). The stay granted by this court on October 15, 2009, is lifted; however, if he complies with the requirements of 8 C.F.R. § 1240.26(i), by departing within thirty days, Garcia Felician shall not be deemed to have departed under the order of removal.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**